**Yu Guan ZHENG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Ashcroft Respondent.**

No. 02–4905.

United States Court of Appeals, Second Circuit.

June 1, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Susan C. Cassell, Assistant United States Attorney (Christopher J. Christie, United States Attorney for the District of New Jersey, on the brief), Newark, NJ, for Appellee.

Present: MINER, POOLER, Circuit Judges, and BLOCK, District Judge.*

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-

JUDGED, AND DECREED that the petition be and it hereby is **DENIED.**

Petitioner Zheng petitions for review of a decision of the Board of Immigration Appeals affirming, without opinion, an immigration judge's decision denying Zheng's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

■   We reverse an immigration judge's factual findings and credibility determinations only if they are not based on substantial evidence. *Abankwah v. INS,* 185 F.3d 18, 22—23 (2d Cir.1999). Here, the immigration judge's adverse credibility findings were properly based on inconsistencies in Zheng's testimony regarding the use of different names and identification cards, knowledge of the birthdate that Zheng used regularly for nearly ten years, and the lack of corroborative evidence as to the alternate name and identification card that Zheng used.

■   The Attorney General has discretion to grant asylum to a refugee, defined as an alien who shows past persecution or a well-founded fear of future persecution should the alien return to his home country. *Diallo v. INS,* 232 F.3d 279, 284 (2d Cir.2000). Forced abortion or sterilization of the alien or the alien's wife confers refugee status and presumptively entitles the alien to withholding of removal. 8 U.S.C. § 1101(a)(42); *Qiu v. Ashcroft,* 329 F.3d 140, 148 (2d Cir.2003). Because the IJ properly found that Zheng's testimony was not credible as to his identity, Zheng failed to establish that he is married to any person who has suffered forced abortion or

---

* The Honorable Frederic Block, of the United States District Court for the Eastern District of New York, sitting by designation.

sterilization. We therefore find no error in the IJ's denial of asylum and withholding of removal.

Finally, Zheng's appeal to the Board of Immigration Appeals includes no mention of his claim under the Convention Against Torture. This claim is therefore unexhausted and we do not have jurisdiction to review it. *Foster v. INS,* 376 F.3d 75, 77 (2d Cir.2004).

For the above reasons, we deny the petition for review, and also deny Zheng's motion for stay of removal.